IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA ROSENBERG,<br><br>    Plaintiff,<br><br>    *v.*<br><br>NASSAU LIFE & ANNUITY COMPANY, et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 21-2673-KSM |

**ORDER**

**AND NOW** this 13th day of July, 2022, upon consideration of Defendants' Motion to Dismiss (Doc. No. 22) and Plaintiff's opposition brief (Doc. No. 23), it is **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART.**

1.    The motion is **GRANTED** as follows:

    a.    Count I is **DISMISSED** only insofar as Rosenberg asserts claims for breach of the implied covenant of good faith and fair dealing based on (i) PHL Variable's refusal to retroactively convert the remainder of the Policy to the PAUL IV product and (ii) PHL Variable's duty to disclose policies offered by its affiliates.

    b.    Count IV is **DISMISSED** only insofar as Rosenberg asserts that PHL Variable (i) "precluded Plaintiff from exercising its right of conversion," (ii) "refused to disclose information to Plaintiff which was necessary for Plaintiff to exercise her right to convert the policy," (iii) "refused to provide information requested by Plaintiff regarding the [P]olicy," (iv) "refused to convert the Policy to policies which were available when Plaintiff requested the necessary information," and (v) "breached the implied duty of good

faith and fair dealing by refusing to inform Plaintiff by or before December 31, 2019, that PHL Variable and [the] Nassau [Defendants] had determined previously that PHL Variable would no longer sell any universal life insurance policies."

       c.      Count V is **DISMISSED** as against all Defendants.

2.      The remainder of the motion is **DENIED.**

**IT IS SO ORDERED.**

                                                       /s/*Karen Spencer Marston*

                                                       KAREN SPENCER MARSTON J.